IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

| | |
|---|---|
| JANET HODGIN and ANNE-MARIE NEWBOLD, ) ) ) Plaintiffs, ) ) v. ) PARKER WAICHMAN LLP and JOHN ) DOES 1-10, ) ) Defendants. ) | Case No. 3:14-cv-00733-DJH<br><br>Memorandum in Support of Motion to Strike |

## PARKER WAICHMAN LLP'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE CERTAIN ALLEGATIONS IN PLAINTIFFS' COMPLAINT

Defendant, Parker Waichman LLP ("Parker Waichman"), by its counsel, submits the following as its Memorandum of Law in support of its Motion to Strike Certain Allegations in Plaintiffs' Complaint:

### INTRODUCTION

In November, 2013, Defendant filed an affidavit that it had no contact with Hodgin and did not contact or attempt to contact directly or indirectly anyone with the name Hodgin in the United States. *See* Exhibit A Declaration of Jerrold S. Parker. Then the case was transferred by stipulation to the Western District of Kentucky. The stipulation provided for the dismissal of the claims of Hodgin without prejudice. *See* Exhibit B Stipulation. Defendant asked Plaintiff to file an amended complaint orally and writing. Defendant understood that Plaintiff would do so. However, on December 10, 2014, Plaintiff advised it had decided not to file an amended pleading.

Defendant moves to strike Hodgin as a named Plaintiff and the claims of Hodgin, both individually and as a putative class representative of the alleged Washington State and the National Cell Phone Classes, so the parties and the Court are clear as to what claims Plaintiff Newbold is pursuing and what putative classes she seeks to represent in this Court. Currently the Complaint alleges three putative classes against Defendant. Two classes seek to name Hodgin as a class representative, one is a putative class under the Washington State and another for the putative National Cell Phone Class. *See* Complaint ¶¶9.2 pp. 10-11. Plaintiff Newbold issued a third party subpoena and propounded discovery, both of which seek class information, although no Motion for Class Certification is pending. Since Plaintiff will not amend, Defendant moves to strike in order to expedite the litigation and identify the scope of the case and discovery. Defendant wants to be clear about the claims it must defend so it can prepare the appropriate responsive pleading and avoid prejudice. Defendant also wants to participate meaningfully in discovery knowing with certainty the claims Plaintiff is pursuing in the Western District of Kentucky against it individually and on a class basis. Therefore, Defendant's motion should be granted in its entirety.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *See Anderson v. Standard Ins. Co.*, No. 3:14-CV-00051-H, 2014 WL 5366117, at *1 (W.D. Ky. Oct. 21, 2014); *See also Thompson v. Hartford Life And Acc. Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010). Immaterial allegations are those that have no bearing on the subject matter of the litigation. *See Bosch v. Bayer Healthcare Pharm., Inc.*, 13 F. Supp. 3d 730, 752 (W.D. Ky. 2014). Impertinent allegations have been defined as statements that do not pertain or are not

necessary to the issues in question. *Id.* If the allegations do not relate to the subject matter of the action and may cause significant prejudice to one or more of the parties, motions to strike are granted. *See Id.*

The Sixth Circuit has held that motions to strike should be used sparingly; however, courts are required to strike pleadings for the purpose of justice and when the pleading to be stricken has no possible relation to the controversy. *Anderson,* 2014 WL 5366117 at *1. District courts have broad discretion in analyzing a Rule 12(f) motion. *Id.* When a motion to strike removes unnecessary clutter from the case, it serves to expedite, not delay the litigation. *See Bond v. Douglas Autotech Corp.*, No. 505CV177R, 2005 WL 3359327, at *2 (W.D. Ky. Dec. 7, 2005).

## ARGUMENT

**I.    The claims of Hodgin and Hodgin as a named Plaintiff and class representative should be stricken according to the stipulation.**

On November 3, 2014, the parties filed a joint stipulation of partial dismissal of Hodgin's claims without prejudice and to transfer venue to the Western District of Kentucky where Newbold allegedly resides. *See* Exhibit B. While the parties stipulated to the dismissal of the claim of Hodgin's, Plaintiff Newbold will not amend the pleading to coincide with the stipulation. The Complaint is replete with allegations, individual and class, on Hodgin's behalf and also seeks damages on her behalf, individually and as class representative. Currently the pleading includes claims against Defendant under two Washington statutes WADAD and WCPA, although Hodgin, per the stipulation, is no longer a party. Therefore Defendant moves to strike Hodgin as a named Plaintiff, the claims of Hodgin, both individually and as a putative class representative of the alleged Washington State and the National Cell Phone Classes, and

3

the WADAD and WCPA claims from the Complaint so the pleading is consistent with the stipulation.

**II.      The WADAD and WCPA claims and putative class must be stricken because Plaintiff Newbold does not have standing to assert claims under either statute.**

The WADAD and WCPA claims and corresponding putative Washington Class should be stricken from the Complaint because Plaintiff Newbold, a Kentucky resident, lacks standing to pursue them. The Sixth Circuit has affirmed the granting of a motion to strike based upon due to a lack of statutory standing. *See United States v. $5,730.00 in U.S. Currency*, 109 F. App'x 712, 713 (6th Cir. 2004) (affirming a district court's grant of a motion to strike due to a lack of standing). Here the Court should to the same. Plaintiff Newbold is allegedly a Kentucky resident. Thus the parties stipulated to transfer the case to the Western District of Kentucky.

Moreover, the WADAD "applies to all commercial solicitation intended to be <u>received by telephone customers within the state</u>." *See* Wash. Rev. Code Ann. § 80.36.400 (West)(emphasis added). A violation of the WADAD is a violation of the WCPA. *See* Wash. Rev. Code Ann. § 80.36.400 (West). The Complaint does not allege Plaintiff Newbold received telephone calls from Defendant in Washington. The Complaint alleges Plaintiff Hodgin, not Newbold, did in violation of the WADAD and the WCPA. Defendant filed an affidavit that it had no contact with Hodgin and did not contact or attempt to contact directly or indirectly anyone with the name Hodgin in the United States. *See* Exhibit A. Even so, Plaintiff Newbold does not allege that she suffered any harm in the state of Washington as a result of Defendant's actions. Therefore, Plaintiff Newbold has no standing to assert claims under the two Washington statutes against Defendant or act as a class representative for the Washington state class. As such, the WADAD and WCPA claims as well as the alleged putative Washington State Class should be stricken.

**III.** **Certain allegations in Plaintiffs' Complaint should be stricken because they are irrelevant to Plaintiff Newbold's claims against Defendant and to prevent prejudice to Defendant.**

Plaintiff Hodgin has been dismissed from the case by stipulation. Despite this, and the fact that she cannot act as a representative of the proposed Washington State or National Cell Phone Classes consistent with the stipulation, Hodgin's name remains in the caption and on almost every page of the Complaint. This Court cannot determine whether the WADAD or the WCPA were violated because a Washington resident was not harmed or affected by the alleged actions of Defendant. *See* Exhibit A. Therefore, Hodgin's individual claims and the allegations referencing her as class representative are no longer relevant.

To that end, the Complaint must be amended as to not affect the merits of the claims or prejudice Defendant. Courts may use Rule 12(f) to correct the pleadings when the defect may affect the merits of the litigation or prejudice one of the parties. *See Johnson v. Christian Cnty. Fiscal Court*, No. 5:11-CV-102, 2011 WL 4744910, at *1 (W.D. Ky. Oct. 7, 2011). Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *Bond,* 2005 WL 3359327 at 2. The Complaint currently names Hodgin as a plaintiff, identifies Hodgin as a representative of two putative classes and contains multiple allegations and Prayers for Relief referencing Hodgin, the WADAD, and/or the WCPA. *See e.g*., Complaint at Paragraphs 1.3, 2.1-2.3, Paragraphs 4.1-4.2, 4.8, Paragraphs 5.1-5.3 in Count V, Paragraphs 6.1-6.4 in Count VI, Paragraphs 9.2, 9.4-9.6, 9.8 in Count IX and Paragraphs B, E, F, G in the Prayer for Relief. These allegations, if not stricken, will prejudice Parker Waichman because it does not, and will not, know the claims, classes or damages Plaintiff Newbold is pursuing against it here. Defendant's risk of prejudice is heightened by Plaintiff's decision not to amend the pleading to conform to the stipulation. As

such, Hodgin should be stricken as a named Plaintiff and thee following claims stricken so Defendant can prepare its defense and engage meaningfully in discovery without the risk of prejudice: Paragraphs 1.3, 2.1-2.3, Paragraphs 4.1-4.2, 4.8, Paragraphs 5.1-5.3 in Count V, Paragraphs 6.1-6.4 in Count VI, Paragraphs 9.2, 9.4-9.6, 9.8 in Count IX and Paragraphs B, E, F, G in the Prayer for Relief.

Finally, the allegations relating to or referencing Hodgin, individually or as a representative of a putative class, and the WADAD and WCPA should be stricken in order to prevent confusion on the claims, alleged facts, the scope of discovery, what classes will be pursued under F.R.C.P. 23, and the scope of the alleged damages against Defendant. The Complaint is replete with references to Hodgin and her claims, both individual and class, under the WADAD and WCPA. Reference to these claims confuses the issues. This is because the stipulation provided for dismissal of the claims of Hodgin. According to the stipulation, Hodgin is no longer a party. However the Complaint does not coincide with the stipulation. The current Complaint thus prevents the parties from being able to identify and litigate the relevant claims, putative classes and damages that they will eventually ask this Court to decide. Therefore, all allegations, counts and prayers of relief relating to Hodgin, individual and class, the WADAD, and the WCPA claims must be stricken.

**IV.     Defendant is entitled to its reasonable fees and costs for preparing and drafting the Motion to Strike.**

Plaintiff decided not to amend the pleading to conform to the stipulation. Defendant had to move to strike certain allegations and Hodgin as a named plaintiff and putative class representative for the reasons set forth above and incurred costs and fees to do so. The Sixth Circuit has granted sanctions for time spent and costs for preparation of a motion to strike and

arguing against "frivolous assertions of standing." *See Edwards v. Walter Jones Constr. Co.*, 208 F.3d 213 (6th Cir. 2000) (affirming the motion to strike and ordering payment of reasonable attorneys' fees to each defendant for time spent arguing standing and preparation of the motion to strike). Defendant's fees and costs are reasonable as the motion was necessary to clarify the alleged claims, classes and damages Plaintiff Newbold is pursing against it. Therefore, Defendant requests an award for its reasonable attorney's fees and costs incurred to research and prepare this motion as well as additional time spent therein.

## CONCLUSION

WHEREFORE, Defendant, Parker Waichman LLP, respectfully requests this Court grant its motion and enter an order striking Plaintiff Janet Hodgin from the caption and striking the following allegations, counts and prayers for relief relating to Plaintiff Janet Hodgin, both individually and as a putative class representative of the alleged Washington State Class and the National Cell Phone Class, including the claims under WADAD and/or the WCPA in Paragraphs 1.3, 2.1-2.3, Paragraphs 4.1-4.2, 4.8, Paragraphs 5.1-5.3 in Count V, Paragraphs 6.1-6.4 in Count VI, Paragraphs 9.2 (Washington State Class and Hodgin as National Cell Phone Class), 9.4-9.6, 9.8 in Count IX and Paragraphs B, E (as to the WADAD), F, G in the Prayer for Relief and granting an award for Defendant's reasonable attorney's fees and costs incurred for the research and drafting of this motion and any other relief that is equitable and just.

Respectfully submitted,


By: *s/Corinne C. Heggie*
Corinne C. Heggie
One of the Attorneys for Defendant,
Parker Waichman LLP

Corinne C. Heggie (IL #6276412)
*Pro Hac Vice*
Hinshaw & Culbertson LLP
222 No. LaSalle St., Ste. 300
Chicago, IL 60601
312-704-3000
cheggie@hinshawlaw.com

M. Thurman Senn (KBA #82343)
Morgan & Pottinger, P.S.C.
601 West Main Street
Louisville, KY 40202
502-560-6750
mts@morganandpottinger.com

8

Case 3:14-cv-00733-DJH Document 38 Filed 01/14/15 Page 9 of 9 PageID #: 145