UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANET HODGIN and ANNE-MARIE NEWBOLD,<br><br>                Plaintiffs,<br><br>v.<br><br>PARKER WAICHMAN, LLP, et al.,<br><br>                Defendants. | Case No. 3:14-cv-00733 CRS<br><br>**DISCOVERY PLAN** |

Pursuant to FRCP 26(f)(2) and (3), the parties, having conferred as required, submit the following discovery plan:

(A) Disclosures under 26(a) will be after the Court rules on the parties' threshold discovery dispute described *infra*.

    (1) Plaintiff served written discovery on Defendant in early December 2014 and issued a third party subpoena to Forever Green Marketing, LLC who has produced documents in response to the subpoena. Plaintiff intends to conduct discovery related to identification of class members, Defendant's program and policies related to the acquisition of clients who had used Yaz (a birth control pill) or other Yaz related products, and the acquisition of clients with other potential legal claims by using third party vendors, identification of said third parties used by Defendant for said acquisition,

- 1

WILLIAMSON & WILLIAMS
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.466.6230 • FAX 206.535.7899
www.williamslaw.com

and determination of the methods used by Defendant or third parties to contact potential clients. Plaintiff believes discovery should proceed after the discovery dispute described herein is resolved by the Court, and disagrees with the claims of Defendant set forth below.

(2) Defendant intends to file a motion to dismiss the allegations in Plaintiff's First Amended Complaint on February 13, 2015, and believes that discovery should be stayed pending the Court's ruling on that motion. Even if some discovery should proceed while a motion to dismiss is pending (which Defendant opposes), Defendant believes any discovery should initially be limited to an investigation of, and decision concerning the legality of PW's actions with respect only to Ms. Newbold, and damages, if any, to Ms. Newbold. This case involves matters of medical treatment (the use of a prescription drug and the conditions it is intended to affect), matters of a sexual nature (the use of birth control), and matters relating to legal services and advice (the decision to speak with and/or hire the law firm, Defendant, Parker Waichman, LLP ("PW")). Defendant believes that discovery concerning a plaintiff is one thing. Discovery on such subjects and facts of non-parties raises entirely different concerns. In PW's view, allowing discovery of such information concerning third parties unnecessarily and improperly affects persons who are not before the Court, who may wish to keep confidential their medical situation and their attorney-client communications, and who have ample opportunities to assert any claims they may wish to present.

(3) The parties intend to discuss with the Court during the status conference on February 11, 2015, how the Court would like the parties to address their

- 2

discovery dispute. The dispute could be formally presented through a motion for protective order filed by Defendant or by Defendant filing written objections to the Plaintiff's discovery followed by a motion to compel discovery..

(B)   The parties will work cooperatively regarding the disclosure and discovery of electronically stored information after the discovery dispute is resolved;

(C)   Plaintiff is not aware of any claims of privilege or protection at this time. Defendant believes that certain material produced by Forever Green Marketing should be subject to a protective order. The parties are working to submit an agreed protective order to the Court. The parties agree that all claims of privilege will be made at the time responses are made to requests for production;

(D)   No changes are anticipated in the limitations upon discovery imposed by the FRCP except that Plaintiff cannot be certain at this time whether she will need to propound additional interrogatories or take more depositions than permitted. Once the discovery dispute is resolved, Defendant can determine whether it will desire any changes to the limitations upon discovery imposed by the FRCP.

DATED this 6th day of February, 2015.

Respectfully submitted,

| | |
|---|---|
| /s/ Rob Williamson | /s/ Corinne C. Heggie |
| Rob Williamson | Corinne C. Heggie |
| roblin@williamslaw.com | cheggie@hinslaw.com |
| WILLIAMSON & WILLIAMS | HINSHAW & CULBERTSON LLP |
| 936 N. 34th Street, Suite 300 | 222 N. LaSalle Street, Suite 300 |
| Seattle, WA 98103 | Chicago, IL 60601-1081 |
| Tel. (206) 466-6230 | Tel. (312) 704-3000 |
| Fax (206) 535-7899 | Fax (312) 704-3001 |
| *Co-Counsel for Plaintiff, Anne-Marie Newbold, and the Proposed Class* | *Co-Counsel for Defendant, Parker Waichman, LLP* |

- 3

WILLIAMSON & WILLIAMS
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.466.6230 • FAX 206.535.7899
www.williamslaw.com

**Certificate of Service**

    I certify that on February 9, 2015, I electronically filed this document through the Court's ECF system, which will send a notice of electronic filing to all counsel designated to receive electronic notice in this case.

          /s/ John E, Spainhour
JOHN E. SPAINHOUR

WILLIAMSON & WILLIAMS
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.466.6230 • FAX 206.535.7899
www.williamslaw.com

- 4