# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

JANET HODGIN AND ANNE-MARIE NEWBOLD )
*Plaintiff* )
v. )  Civil Action No.  Case No. 3:14-cv-00733 CRS
PARKER WAICHMAN LLP ET AL. )
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  FOREVER GREEN MARKETING LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: GIVHAN & SPAINHOUR, PSC, Professional Building, Suite One, 200 South Buckman Street, Shepherdsville, KY 40165 | Date and Time: 12/30/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/09/2014

CLERK OF COURT                     OR      /s/ Rob Williamson

_____          _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
ANNE-MARIE NEWBOLD, who issues or requests this subpoena, are:
Rob Williamson, 939 N. 34th Street, Suite 300, Seattle, WA 98103

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. Case No. 3:14-cv-00733 CRS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Janet Hodgin and Anne-Marie Newbold v. Parker Waichman, LLC, et al.*

U.S. District Court Western District of Kentucky
Louisville Division
Case No. 3:14-cv-00733 CRS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO LIVE TRANSFERS

### EXHIBIT A

**A.  Definitions**

The following terms shall have the following meanings for the purpose of this Subpoena:

1. "DOCUMENT" or "DOCUMENTS" as used herein shall refer to all writings as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced or reproduced or archived or stored, within YOUR possession or subject to YOUR control, of which YOU have knowledge or to which YOU now have or previously had access, including all ELECTRONICALLY STORED INFORMATION.

2. "ELECTRONICALLY STORED INFORMATION" ("ESI") as used herein has the same full meaning as set forth in Fed. R. Civ. P. 26 and 34 and the case law interpreting Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:

   a. Activity listings of electronic mail receipts and/or transmittals;

   b. Output resulting from the use of any software program, including without limitation word processing DOCUMENTS, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; and

   c. Any and all items stored on computer memories, hard disks, network servers, individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs,

cloud servers, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet, e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle, Nook or other device. <u>PLAINTIFF requests that YOU or YOUR counsel confer with PLAINTIFF'S counsel regarding the form of any electronic production before the gathering or processing of ESI.</u>

3. "DATE" means the exact day, month, and year if ascertainable or, if not, the best approximation, including any known relationship to other events.

4. "YOU" or "YOUR" refers to Forever Green Marketing LLC, 2298 Alta Vista Drive, Vista, California 92084 (or current address), and includes, without limitations, any of YOUR offices and locations as well as any of YOUR divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees, or other representatives of.

5. "PW" refers to Defendant PARKER WAICHMAN LLP, and includes, without limitations, any offices and locations of PW as well as any of its divisions, affiliates, subsidiaries, successors, predecessors, present or former partners, officers, directors, employees, agents, attorneys or representatives, managers, directors, administrators, officers, executives, agents, contractors, fiduciaries, all employees or other representatives.

6. "PW CALL" or "PW CALLS" means any and all AUTOMATED CALLS made by YOU, or caused to be made by YOU, directly or indirectly, with YOUR assistance, or using technology provided by YOU for PW at any time from September 13, 2009 to the present.

7. "PW TEXT MESSAGES" means an short message service message text message directed to a wireless device through the use of the telephone number assigned to the device, sent either directly or indirectly (e.g., through a vendor or other THIRD PARTY) by YOU to PLAINTIFF and/or CLASS MEMBERS at any time from four years prior to the filing of this suit to the present, including all texts made by an ADAD or ATDS.

8. "LIVE CALLS" means any telephone call placed by your or on your behalf by a live person to persons to obtain leads for YAZ, YASMIN or OCELLA as described in YOUR Lead Purchase Agreement with PW of October 25, 2013 or any other such agreement.

9. "SOLICITATIONS" means any CALL, TEXT MESSAGE or LIVE CALL made by YOU or anyone on your behalf related in any way to YOUR Lead Purchase Agreement with PW of October 25, 2013 or any other such agreement.

10. "COMMUNICATION" or "COMMUNICATIONS" means any instance in which words or information are transferred or transmitted between two or more PERSONS by whatever manner or means, and regardless of how or by whom the COMMUNICATIONS were initiated, including, but not limited to, correspondence, email, conversation, instructions, meetings, requests, demands, and conferences.

11. "PERSON" or "PERSONS" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

12. "POLICY" or "POLICIES" means any policy, practice, procedure, directive, routine, rule, guideline, courses of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were or have been recognized, adopted, issued or followed by YOU or PW.

13. "DATABASE" or "DATABASES" includes any collection of data defined so that it can be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer; a collection of information that is organized so that it can easily be accessed, managed, and updated; or a structured set of data held in a computer.

14. "PLAINTIFF" means Plaintiff Anne-Marie Newbold.

15. "AUTOMATIC TELEPHONE DIALING SYSTEM" OR "ATDS" means equipment which has the capacity to store or produce telephone numbers to be called, using a

random or sequential number generator; and to dial such numbers, as defined by 47 U.S.C. § 227(a)(1).

16. "AUTOMATED CALL" or "AUTOMATED CALLS" means a telephone call initiated by using and ADAD, ATDS, or predictive dialer and/or an automated or prerecorded voice.

17. "VENDOR" or "VENDORS" means any third party under contract with, hired by, employed by, paid by, or working for YOU to make or assist in making the SOLICITATIONS or to generate leads for pw.

18. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/ (last visited November 11, 2014).

**B.    Relevant Time Period**

Unless otherwise indicated, the relevant time period for the DOCUMENTS requested below is September 13, 2009 to the present.

**C.    Documents to be Produced**

1. All DOCUMENTS and COMMUNICATIONS that relate to any agreements or contracts with PW regarding the SOLICITATIONS.

2. ALL DOCUMENTS and COMMUNICATIONS, including DATABASES that relate to YOUR records of the SOLICITATIONS, including call detail records, reports, data compilations, opt-in records, recordings, verification, and/or transmission reports.

3. All DOCUMENTS and COMMUNICATIONS, including DATABASES, that relate to the sources of the telephone numbers to which the SOLICITATIONS were made (i.e., how did YOU obtain the telephone numbers).

4. All DOCUMENTS and COMMUNICATIONS, including DATABASES, that relate to whether the list of telephone numbers to which the SOLICITATIONS were made were "scrubbed" to (1) determine whether they were cellular telephone numbers and to (2) determine whether they were on the National Do-Not-Call Registry.

5. All DOCUMENTS and COMMUNICATIONS, including DATABASES, that relate to (1) the number of SOLICITATIONS that were answered by a PERSON; (2) the number of SOLICIATIONS that were answered by a voicemail system or other answering machine or system and a message was left on such system; and (3) the number of SOLICITATIONS that were answered by a voicemail system or other answering machine or system and no message was left on such system.

6. All DOCUMENTS sufficient to IDENTIFY the system and/or equipment used by YOU to make the SOLICITATIONS and any manuals, instructions, or POLICIES that describe the system and/or equipment.

7. All COMMUNICATIONS by and between YOU and PW related to the SOLICITATIONS or any other matter.

8. Any DOCUMENTS and COMMUNICATIONS that relate to any agreements or contracts with any VENDOR regarding the SOLICITATIONS.

9. All COMMUNICATIONS between YOU and any VENDOR regarding the SOLICIATIONS and/or the system or equipment provided by YOU to any VENDOR and/or PW.

10. All DOCUMENTS and COMMUNICATIONS that relate to the scripts used for the purposes of the SOLICITATIONS, including drafts.

11. All DOCUMENTS, COMMUNICATIONS, and/or DATABASES that contain information, including names, addresses, telephone numbers, and/or email addresses, of all PERSONS to whom a SOLICITATION was made that requested that they be placed on PW'S or YOUR internal Do-Not-Call list, including historical copies of any such DATABASES showing, or which can be used in reconstructing, the history of any such DATABASES.

12. All complaints concerning the SOLICITATIONS and all DOCUMENTS, COMMUNICATIONS, and DATABASES relating to complaints or that contain information, including names, addresses, telephone numbers, and email addresses of all PERSONS known to have made complaints concerning the SOLICITATIONS, including, but not limited to,

complaints submitted to YOU. This request includes, but is not limited to, oral, written, formal, or informal complaints; complaints submitted to any government agency, complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce or other consumer advice or protection organization; or any other organization of any kind. This request also includes, but is not limited to, historical copies of any such DATABASES showing, or which can be used in reconstructing, the history of such DATABASES.

13. All DOCUMENTS and COMMUNICATIONS that relate to YOUR POLICIES for complying with federal, state and local laws, including but not limited to, statutes, administrative rules and regulations, and agency directives regarding the placement of AUTOMATED CALLS.

14. All DOCUMENTS and COMMUNICATIONS exchanged with PW or any VENDOR that relate to PW'S POLICIES regarding the SOLICITATIONS and/or the system or equipment provided by YOU to PW or any VENDOR, including POLICIES for complying with federal, state, and local laws.

15. All DOCUMENTS and COMMUNICATIONS that relate to any indemnification agreements with PW or any VENDOR related to the SOLICITATIONS.

16. All COMMUNICATIONS between YOU and PW regarding PLAINTIFF'S claims and/or this lawsuit.

17. All COMMUNICATIONS between YOU and any VENDOR regarding PLAINTIFF'S claims and/or this lawsuit.

18. All DOCUMENTS and COMMUNICATIONS that relate to financial incentives regarding the SOLICITATIONS and/or the system or equipment provided by YOU to PW

19. All DOCUMENTS and COMMUNICATIONS that relate to fees earned by YOU regarding the SOLICITATIONS and/or the system or equipment provided by YOU to PW or any VENDOR.

20. All weekly sales reports required in the Lead Purchase Agreement of October 25, 2013 or any other such agreement;

21. All leads either accepted or rejected by PW.

22. All invoices, income receipts or other documentation reflecting YOUR receipt of any payment from PW.