# EXHIBIT S



**Morgan & Pottinger**
ATTORNEYS

RESPOND TO: Louisville Office, 601 West Main Street, Louisville, KY 40202
WRITER'S DIRECT PHONE/FAX: (502) 560-6750/Fax: (502) 585-3498
EMAIL: mts@morganandpottinger.com

March 13, 2015

<u>Via UPS Next Day Air</u>

Cyber Controller, Inc.
Attn: Chief Legal Or Executive Officer
18402 N. 19th Street, #315
Phoenix, AZ 85023

      Lawsuit:    <u>Anne-Marie Newbold v. Parker Waichman LLP</u>, U.S. District Court for the Western District of Kentucky, Civil Action No. 3:14-cv-00733-DJH

      Matter:    Subpoena to Cyber Controller, Inc.

Dear Cyber Controller:

    I am an attorney in Louisville, Kentucky who is part of the legal defense team representing Parker Waichman, LLP ("PW") in a lawsuit filed against it by Anne-Marie Newbold ("Ms. Newbold") who is a resident of Kentucky. I am writing this letter because Ms. Newbold's attorneys gave notice to PW's attorneys of a subpoena they sent to Cyber Controller, Inc. In general, Ms. Newbold has filed her lawsuit against PW claiming that she received improper contacts via text messages or pre-recorded messages to her cell phone. At this time, I am not aware that your business in any way dealt with Ms. Newbold.

    Prior to the issuance of the subpoena by Ms. Newbold's attorneys, PW had moved to stay discovery in Ms. Newbold's case pending a ruling on PW's Motion to Dismiss her lawsuit. PW's motion to stay discovery also argued that that any discovery in the case should be limited only to Ms. Newbold. This is because PW viewed Ms. Newbold's efforts as potentially resulting in the discovery of private health information, attorney-client communications, or other personal or private information of persons other than Ms. Newbold that those individuals and businesses should be allowed (and may even be permitted by law) to keep confidential. I believe that Ms. Newbold's attorneys disagree.

    For these reasons, when we learned about the subpoena to your business, I immediately sent an email to counsel for Ms. Newbold objecting to the issuance of the subpoena. In response to that objection, counsel for Ms. Newbold has agreed to withdraw the subpoena and to write you a formal letter so advising. I am sending you a copy of the email from Ms. Newbold's attorney (dated Friday, March 13, 2015, at 12:41 PM) to advise you so that you do not waste resources. Ms. Newbold's attorneys do not agree that the subject of the discovery to you was improper, but I believe they are willing to wait for a court ruling.

    My contact information is at the top of this letter. If you have any questions or concerns after reading this letter and the enclosed email, feel free to contact me directly or have your attorney contact me.

                                                          Very truly yours,

                                                          MORGAN & POTTINGER, P.S.C.

                                                          M. Thurman Senn

MTS/ts
Enclosures
cc:    Corinne Heggie, Esq. (w/ encl.) (via email only)
        Rob Williamson, Esq. & John Spainhour, Esq. (w/ encl.) (via email only)

M. Thurman Senn

| | |
|---|---|
| From: | Rob Williamson <roblin@williamslaw.com> |
| Sent: | Friday, March 13, 2015 12:41 PM |
| To: | M. Thurman Senn; jspainhour@gsatty.net |
| Cc: | cheggie@hinshawlaw.com; Kim Williams; Bert |
| Subject: | RE: Newbold v. Parker Waichman -- Third-Party Subpoenas to Powers Marketing et al. |

I apologize for the technical errors in the subpoenas and will stop service and write to each that we are withdrawing the subpoenas.

Rob Williamson

206 294 3085 (Office)
206-321-1917 (Cell)

2239 W. Viewmont Way W.
Seattle, WA 98199

COMMUNICATING WITH US BY E-MAIL OR OTHER MEANS WILL NOT MAKE YOU A CLIENT OF OUR FIRM. Before we undertake representation of you in a particular matter, we will create a written mutual confirmation of our engagement as your lawyers.

---

**From:** M. Thurman Senn [mailto:mts@morganandpottinger.com]
**Sent:** Friday, March 13, 2015 6:18 AM
**To:** Rob Williamson (roblin@williamslaw.com); jspainhour@gsatty.net
**Cc:** cheggie@hinshawlaw.com
**Subject:** Newbold v. Parker Waichman -- Third-Party Subpoenas to Powers Marketing et al.
**Importance:** High

Rob and John:

I and Corinne were surprised to receive yesterday the subpoenas you issued to Powers Marketing, Cyber Controller, and Maxximum Legal Centers. We were surprised because we understood that this type of discovery would not be attempted pending a court's ruling on Parker Waichman's ("PW") motion to stay discovery, or, in the alternative, for a protective order.

The basis for our understanding were our discussions and also Paragraph A(1) of the Discovery Plan filed on 2/9/15 which stated:

> Plaintiff intends to conduct discovery related to identification of class members, Defendant's program and policies related to the acquisition of clients who had used Yaz (a birth control pill) or other Yaz related products, and the acquisition of clients with other potential legal claims by using third party vendors, identification of said third parties used by Defendant for said acquisition, and determination of the methods used by Defendant or third parties to contact potential clients. <u>Plaintiff believes discovery should proceed after the discovery dispute described herein is resolved by the Court.</u>

Thus, PW's believes that issuance of the subpoenas is inconsistent with this representation to the Court.

1

On a technical level, the subpoenas command parties in California and Arizona to produce records in Givhan & Spainhour's offices in Shepherdsville, KY. This is not permitted under FRCP 45(c)(2). Under FRCP 45(d)(3)(A)(ii), our court "must quash or modify a subpoena that: (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)." This would be a clear basis for a motion to quash.

Rather than burden the court with a motion to quash, PW requests that you immediately issue a letter to Powers Marketing, Cyber Controller, and Maxximum Legal Centers stating that the subpoenas were inadvertently issued too soon in the case, and that they should not respond to the subpoenas at this time. If the court does not grant the motion to stay discovery or declines to issue a protective order, we can then discuss discovery on these three third-parties. I would like a response to this request by close of business Monday, March 16, 2015, so we know if we need to proceed with a motion to quash.

Thurman Senn
Morgan & Pottinger, P.S.C.

**M. Thurman Senn** | Morgan & Pottinger, P.S.C.
601 West Main Street | Louisville, KY 40202
**Tel.** 502.560.6750 | **Fax** 502.560.6850
mts@morganandpottinger.com
www.morganandpottinger.com

This message and attachments (if any) contain confidential information and may be protected from disclosure by attorney-client privilege. If you are not an intended recipient of this message, please notify the sender promptly by return email and delete this message. Unauthorized use, dissemination, or reproduction of this message or any attachment in whole or part is strictly prohibited.



**Morgan & Pottinger**
ATTORNEYS

RESPOND TO: Louisville Office, 601 West Main Street, Louisville, KY 40202
WRITER'S DIRECT PHONE/FAX: (502) 560-6750/Fax: (502) 585-3498
EMAIL: mts@morganandpottinger.com

March 13, 2015

**Via UPS Next Day Air**

Powers Marketing Group, LLC
Attn: Chief Legal Or Executive Officer
3151 Airway Ave, Suite 1-2
Costa Mesa, CA 92626

    Lawsuit:    <u>Anne-Marie Newbold v. Parker Waichman LLP</u>, U.S. District Court for the Western District of Kentucky, Civil Action No. 3:14-cv-00733-DJH

    Matter:    Subpoena to Powers Marketing Group, LLC

Dear Powers Marketing Group:

    I am an attorney in Louisville, Kentucky who is part of the legal defense team representing Parker Waichman, LLP ("PW") in a lawsuit filed against it by Anne-Marie Newbold ("Ms. Newbold") who is a resident of Kentucky. I am writing this letter because Ms. Newbold's attorneys gave notice to PW's attorneys of a subpoena they sent to Powers Marketing Group, LLC. In general, Ms. Newbold has filed her lawsuit against PW claiming that she received improper contacts via text messages or pre-recorded messages to her cell phone. At this time, I am not aware that your business in any way dealt with Ms. Newbold.

    Prior to the issuance of the subpoena by Ms. Newbold's attorneys, PW had moved to stay discovery in Ms. Newbold's case pending a ruling on PW's Motion to Dismiss her lawsuit. PW's motion to stay discovery also argued that that any discovery in the case should be limited only to Ms. Newbold. This is because PW viewed Ms. Newbold's efforts as potentially resulting in the discovery of private health information, attorney-client communications, or other personal or private information of persons other than Ms. Newbold that those individuals and businesses should be allowed (and may even be permitted by law) to keep confidential. I believe that Ms. Newbold's attorneys disagree.

    For these reasons, when we learned about the subpoena to your business, I immediately sent an email to counsel for Ms. Newbold objecting to the issuance of the subpoena. In response to that objection, counsel for Ms. Newbold has agreed to withdraw the subpoena and to write you a formal letter so advising. I am sending you a copy of the email from Ms. Newbold's attorney (dated Friday, March 13, 2015, at 12:41 PM) to advise you so that you do not waste resources. Ms. Newbold's attorneys do not agree that the subject of the discovery to you was improper, but I believe they are willing to wait for a court ruling.

    My contact information is at the top of this letter. If you have any questions or concerns after reading this letter and the enclosed email, feel free to contact me directly or have your attorney contact me.

    Very truly yours,

    MORGAN & POTTINGER, P.S.C.

    M. Thurman Senn

MTS/ts
Enclosures
cc:    Corinne Heggie, Esq. (w/ encl.) (via email only)
        Rob Williamson, Esq. & John Spainhour, Esq. (w/ encl.) (via email only)

## M. Thurman Senn

**From:** Rob Williamson <roblin@williamslaw.com>
**Sent:** Friday, March 13, 2015 12:41 PM
**To:** M. Thurman Senn; jspainhour@gsatty.net
**Cc:** cheggie@hinshawlaw.com; Kim Williams; Bert
**Subject:** RE: Newbold v. Parker Waichman -- Third-Party Subpoenas to Powers Marketing et al.

I apologize for the technical errors in the subpoenas and will stop service and write to each that we are withdrawing the subpoenas.

Rob Williamson

206 294 3085 (Office)
206-321-1917 (Cell)

2239 W. Viewmont Way W.
Seattle, WA 98199

COMMUNICATING WITH US BY E-MAIL OR OTHER MEANS WILL NOT MAKE YOU A CLIENT OF OUR FIRM. Before we undertake representation of you in a particular matter, we will create a written mutual confirmation of our engagement as your lawyers.

---

**From:** M. Thurman Senn [mailto:mts@morganandpottinger.com]
**Sent:** Friday, March 13, 2015 6:18 AM
**To:** Rob Williamson (roblin@williamslaw.com); jspainhour@gsatty.net
**Cc:** cheggie@hinshawlaw.com
**Subject:** Newbold v. Parker Waichman -- Third-Party Subpoenas to Powers Marketing et al.
**Importance:** High

Rob and John:

I and Corinne were surprised to receive yesterday the subpoenas you issued to Powers Marketing, Cyber Controller, and Maxximum Legal Centers. We were surprised because we understood that this type of discovery would not be attempted pending a court's ruling on Parker Waichman's ("PW") motion to stay discovery, or, in the alternative, for a protective order.

The basis for our understanding were our discussions and also Paragraph A(1) of the Discovery Plan filed on 2/9/15 which stated:

> Plaintiff intends to conduct discovery related to identification of class members, Defendant's program and policies related to the acquisition of clients who had used Yaz (a birth control pill) or other Yaz related products, and the acquisition of clients with other potential legal claims by using third party vendors, identification of said third parties used by Defendant for said acquisition, and determination of the methods used by Defendant or third parties to contact potential clients. <u>Plaintiff believes discovery should proceed after the discovery dispute described herein is resolved by the Court.</u>

Thus, PW's believes that issuance of the subpoenas is inconsistent with this representation to the Court.

1

On a technical level, the subpoenas command parties in California and Arizona to produce records in Givhan & Spainhour's offices in Shepherdsville, KY. This is not permitted under FRCP 45(c)(2). Under FRCP 45(d)(3)(A)(ii), our court "must quash or modify a subpoena that: (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)." This would be a clear basis for a motion to quash.

Rather than burden the court with a motion to quash, PW requests that you immediately issue a letter to Powers Marketing, Cyber Controller, and Maxximum Legal Centers stating that the subpoenas were inadvertently issued too soon in the case, and that they should not respond to the subpoenas at this time. If the court does not grant the motion to stay discovery or declines to issue a protective order, we can then discuss discovery on these three third-parties. I would like a response to this request by close of business Monday, March 16, 2015, so we know if we need to proceed with a motion to quash.

Thurman Senn
Morgan & Pottinger, P.S.C.

**M. Thurman Senn** | Morgan & Pottinger, P.S.C.
601 West Main Street | Louisville, KY 40202
**Tel.** 502.560.6750 | **Fax** 502.560.6850
mts@morganandpottinger.com
www.morganandpottinger.com

This message and attachments (if any) contain confidential information and may be protected from disclosure by attorney-client privilege. If you are not an intended recipient of this message, please notify the sender promptly by return email and delete this message. Unauthorized use, dissemination, or reproduction of this message or any attachment in whole or part is strictly prohibited.



**Morgan & Pottinger**
ATTORNEYS

RESPOND TO: Louisville Office, 601 West Main Street, Louisville, KY 40202
WRITER'S DIRECT PHONE/FAX: (502) 560-6750/Fax: (502) 585-3498
EMAIL: mts@morganandpottinger.com

March 13, 2015

**Via UPS Next Day Air**

Maxximum Legal Centers
Attn: Chief Legal Or Executive Officer
15272 Sunny Point Street
Victorville, CA 92394

    Lawsuit: <u>Anne-Marie Newbold v. Parker Waichman LLP</u>, U.S. District Court for the Western District of Kentucky, Civil Action No. 3:14-cv-00733-DJH

    Matter: Subpoena to Maxximum Legal Centers

Dear Maxximum Legal Centers:

    I am an attorney in Louisville, Kentucky who is part of the legal defense team representing Parker Waichman, LLP ("PW") in a lawsuit filed against it by Anne-Marie Newbold ("Ms. Newbold") who is a resident of Kentucky. I am writing this letter because Ms. Newbold's attorneys gave notice to PW's attorneys of a subpoena they sent to Maxximum Legal Centers. In general, Ms. Newbold has filed her lawsuit against PW claiming that she received improper contacts via text messages or pre-recorded messages to her cell phone. At this time, I am not aware that your business in any way dealt with Ms. Newbold.

    Prior to the issuance of the subpoena by Ms. Newbold's attorneys, PW had moved to stay discovery in Ms. Newbold's case pending a ruling on PW's Motion to Dismiss her lawsuit. PW's motion to stay discovery also argued that that any discovery in the case should be limited only to Ms. Newbold. This is because PW viewed Ms. Newbold's efforts as potentially resulting in the discovery of private health information, attorney-client communications, or other personal or private information of persons other than Ms. Newbold that those individuals and businesses should be allowed (and may even be permitted by law) to keep confidential. I believe that Ms. Newbold's attorneys disagree.

    For these reasons, when we learned about the subpoena to your business, I immediately sent an email to counsel for Ms. Newbold objecting to the issuance of the subpoena. In response to that objection, counsel for Ms. Newbold has agreed to withdraw the subpoena and to write you a formal letter so advising. I am sending you a copy of the email from Ms. Newbold's attorney (dated Friday, March 13, 2015, at 12:41 PM) to advise you so that you do not waste resources. Ms. Newbold's attorneys do not agree that the subject of the discovery to you was improper, but I believe they are willing to wait for a court ruling.

    My contact information is at the top of this letter. If you have any questions or concerns after reading this letter and the enclosed email, feel free to contact me directly or have your attorney contact me.

                                                                Very truly yours,

                                                               MORGAN & POTTINGER, P.S.C.

                                                               M. Thurman Senn

MTS/ts
Enclosures
cc:    Corinne Heggie, Esq. (w/ encl.) (via email only)
       Rob Williamson, Esq. & John Spainhour, Esq. (w/ encl.) (via email only)

## M. Thurman Senn

| | |
|---|---|
| **From:** | Rob Williamson <roblin@williamslaw.com> |
| **Sent:** | Friday, March 13, 2015 12:41 PM |
| **To:** | M. Thurman Senn; jspainhour@gsatty.net |
| **Cc:** | cheggie@hinshawlaw.com; Kim Williams; Bert |
| **Subject:** | RE: Newbold v. Parker Waichman -- Third-Party Subpoenas to Powers Marketing et al. |

I apologize for the technical errors in the subpoenas and will stop service and write to each that we are withdrawing the subpoenas.

Rob Williamson

206 294 3085 (Office)
206-321-1917 (Cell)

2239 W. Viewmont Way W.
Seattle, WA 98199

COMMUNICATING WITH US BY E-MAIL OR OTHER MEANS WILL NOT MAKE YOU A CLIENT OF OUR FIRM. Before we undertake representation of you in a particular matter, we will create a written mutual confirmation of our engagement as your lawyers.

---

**From:** M. Thurman Senn [mailto:mts@morganandpottinger.com]
**Sent:** Friday, March 13, 2015 6:18 AM
**To:** Rob Williamson (roblin@williamslaw.com); jspainhour@gsatty.net
**Cc:** cheggie@hinshawlaw.com
**Subject:** Newbold v. Parker Waichman -- Third-Party Subpoenas to Powers Marketing et al.
**Importance:** High

Rob and John:

I and Corinne were surprised to receive yesterday the subpoenas you issued to Powers Marketing, Cyber Controller, and Maxximum Legal Centers. We were surprised because we understood that this type of discovery would not be attempted pending a court's ruling on Parker Waichman's ("PW") motion to stay discovery, or, in the alternative, for a protective order.

The basis for our understanding were our discussions and also Paragraph A(1) of the Discovery Plan filed on 2/9/15 which stated:

> Plaintiff intends to conduct discovery related to identification of class members, Defendant's program and policies related to the acquisition of clients who had used Yaz (a birth control pill) or other Yaz related products, and the acquisition of clients with other potential legal claims by using third party vendors, identification of said third parties used by Defendant for said acquisition, and determination of the methods used by Defendant or third parties to contact potential clients. <u>Plaintiff believes discovery should proceed after the discovery dispute described herein is resolved by the Court.</u>

Thus, PW's believes that issuance of the subpoenas is inconsistent with this representation to the Court.

1

On a technical level, the subpoenas command parties in California and Arizona to produce records in Givhan & Spainhour's offices in Shepherdsville, KY. This is not permitted under FRCP 45(c)(2). Under FRCP 45(d)(3)(A)(ii), our court "must quash or modify a subpoena that: (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)." This would be a clear basis for a motion to quash.

Rather than burden the court with a motion to quash, PW requests that you immediately issue a letter to Powers Marketing, Cyber Controller, and Maxximum Legal Centers stating that the subpoenas were inadvertently issued too soon in the case, and that they should not respond to the subpoenas at this time. If the court does not grant the motion to stay discovery or declines to issue a protective order, we can then discuss discovery on these three third-parties. I would like a response to this request by close of business Monday, March 16, 2015, so we know if we need to proceed with a motion to quash.

Thurman Senn
Morgan & Pottinger, P.S.C.


**M. Thurman Senn** | Morgan & Pottinger, P.S.C.
601 West Main Street | Louisville, KY 40202
**Tel.** 502.560.6750 | **Fax** 502.560.6850
mts@morganandpottinger.com
www.morganandpottinger.com


This message and attachments (if any) contain confidential information and may be protected from disclosure by attorney-client privilege. If you are not an intended recipient of this message, please notify the sender promptly by return email and delete this message. Unauthorized use, dissemination, or reproduction of this message or any attachment in whole or part is strictly prohibited.

2