IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

| | |
|---|---|
| ANNE-MARIE NEWBOLD, )<br>)<br>)<br>      Plaintiffs, )<br>)<br>  v. )<br>)<br>PARKER WAICHMAN LLP and JOHN )<br>DOES 1-10, )<br>)<br>      Defendants. ) | Case No. 3:14-cv-00733-DJH |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6) AND TO STRIKE NATIONAL DO NOT CALL CLASS PURSUANT TO RULE 12(F)**

Defendant, Parker Waichman LLP ("PW"), by counsel, submits its Reply Brief in support of its Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) and to Strike the National Do Not Call Class pursuant to Rule 12(f) (Dkt. #49-50):

### INTRODUCTION

Plaintiff's Complaint references PW in the following allegations:

1.1   Defendant Parker Waichman is a limited liability partnership registered in the State of New York. Parker Waichman represents on its website at www.yourlawyer.com that it has offices in new York, Long Island, New Jersey, Washington, D.C. and Florida, and that it practices in the areas of 'Accidents, Class Action, Defective Drugs, medical Devices, medical Malpractice, Nursing Home, Product Liability [and] Other Practice Areas.

3.3   To determine who was responsible for sending the text messages without revealing her identity, Plaintiff completed the form on http://makethempay2013/ with fictional information. She stated that her name was Gina Lola and that she has suffered a deep vein thrombosis injury while taking Yaz. On November 28, 2013, Thanksgiving Day, Plaintiff received two telephone calls on her cellular telephone from a New York area code, and she answered the second call. The caller was an attorney at Parker Waichman who encouraged Plaintiff to retain his firm to represent her in connection with her Yaz injury claim. between November 29 and December 6, 2013, Plaintiff received an additional three telephone calls

> her cellular telephone from attorneys at Parker Waichman encouraging her to retain their firm to represent her in a Yaz injury case.
>
> 3.4   Parker Waichman also emailed "ginalola" a Yaz fee agreement on November 29, 2013, and sent her follow up emails on December 5 and 6, 2013, as well as a letter dated December 6, 2013 stating, in part, that Parker Waichman would not be representing her.

*See* Dkt. #39 ¶¶1.1, 3.3, 3.4.  These are the only allegations that reference PW.  Plaintiff contends these three paragraphs allege a plausible cause of action against PW under §§227(b) and (c) of the TCPA.  *See* Dkt. #55 pp. 9-11, 17, 21.  However, her position is unsupported by the law which holds that she must allege facts to demonstrate that she has a plausible TCPA claim against PW.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(complaints must consist of more than an "unadorned, the defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(a complaint should be dismissed where the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face"); *Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)(the Rules "require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'")(*quoting Twombly*, 550 U.S. at 555).  She cannot circumvent the standard, especially when PW's investigation into former Plaintiff Hodgin's claims quickly resulted in voluntary dismissal of Hodgin's claims after PW attested that it never had contact with Hodgin.  *See* Dkt. #37 Exhibit A Declaration of Jerrold S. Parker.

In her Response, Plaintiff's refrain is that the TCPA is a remedial statute construed in the favor of consumers and thus her Complaint is and should be presumed sufficient.  Dkt. #55 pp. 5-6, 8, 11, 18, 20.  Her logic is flawed and certainly does not mean her Complaint stands under Rule 8, Rule 12 or the case law interpreting them.  The TCPA was enacted in 1991 to address the issue of unwanted telephone marketing calls and faxes.  *See* Michael O'Rielly, FCC

Commissioner, *TCPA: It is Time to Provide Clarity*, FCC (Mar. 25, 2014 2:10 p.m.), http://www.fcc.gov/blog/tcpa-it-time-provide-clarity. The Federal Communications Commission ("FCC"), the governmental agency Congress appointed to enforce and implement the TCPA, noted that over time business models and ways of communicating with consumers have changed; as a result, the rules have become complex. *Id.* Given the TCPA landscape, and consistent with the law interpreting the federal pleading requirements, Plaintiff must allege facts to demonstrate a plausible claim. Here, Plaintiff has not, and cannot, satisfy her burden for either Count I or Count II. As a result, the Complaint should be dismissed with prejudice and the national Do Not Call ("DNC") Class should be stricken.

## ARGUMENT

I. **The Complaint should be dismissed because Plaintiff's Complaint alleges no facts to establish PW is vicariously liable under §227b or §227c for the acts of the unnamed John Doe Defendants.**

Plaintiff argues that PW is "responsible for telemarketing solicitations to which Plaintiff responded" because the Complaint alleges that one of its attorneys contacted Plaintiff on Thanksgiving. Dkt. # 55 pp. 16-17. Plaintiff also argues the Complaint demonstrates that PW is vicariously liable for the actions of the unnamed John Doe Defendants and thus states a claim in both Counts I and II. *Id.* p. 16. However, the Complaint contains no such facts to plausibly establish vicarious liability against PW in Count I or II for the acts of any third-party, much less the unnamed John Doe Defendants.

The Complaint references vicarious liability in paragraph 2.5. In paragraph 2.5, Plaintiff characterizes the Federal Communication Commission ("FCC") explanation about vicarious liability. Dkt. #39 ¶2.5. Vicarious liability is never mentioned again.

Plaintiff's Response recites cases where vicarious liability is examined. Dkt. #55 pp. 14-15. Plaintiff discusses vicarious liability case law because she has no facts to support her

3

vicarious liability theory against PW.  The Complaint does not allege that PW is a "seller" or that PW authorized, hired, controlled, or approved any communications to Plaintiff made by the unnamed John Doe Defendant "telemarketers" in either Count I or Count II.  The Complaint does not allege that PW is vicariously liable for the text messages[1] and calls that Plaintiff alleges "Defendants" initiated in paragraphs 3.1, 3.2, or 3.5. *See* Dkt. #39 ¶¶3.1, 3.2, 3.5.  The Complaint does not allege that PW retained, hired, authorized, or directed any actions of the unnamed John Doe Defendants, much less any facts that would demonstrate PW retained, hired, authorized, or directed any actions they took either. Therefore, when Plaintiff states the Complaint demonstrates that (1) "over a period of months through November 26, 2013" PW and its "codefendant marketing agents and telemarketers" sent her text message and calls (Dkt. #55 p. 16), (2) it is "both plausible and probable that PW ratified illegal conduct (Dkt. #55 p. 17), and (3) an "appearance" of a "relationship with telemarketers who sent the illegal" communications (Dkt. #55 p. 17), she is wrong.

    If Plaintiff's theory is that PW is vicarious liability for the actions of the unnamed John Doe Defendants under §§227(b) or (c), she must allege facts (if they exist).  Vicarious liability cannot be implied when TCPA claims have been dismissed for failing to allege facts sufficient to demonstrate vicarious liability.  *See* Dkt. #50 pp. 5-6.  Here, no such facts are pled.  As such, the Complaint should be dismissed with prejudice.

---

[1] Plaintiff states "PW does not dispute that a text message is a 'call' with the meaning of the TCPA."  Dkt. #55 p. 13 fn 1.  Plaintiff cites a 2003 FCC Order and a Ninth Circuit case, not any pleading that PW filed in this case.  PW's motion to dismiss did not address text messages because the Complaint does not allege PW sent Plaintiff any text message.  The Complaint alleges PW made calls to her cell phone between November 28, 2013 and December 6, 2013.  *See* Dkt. #39 ¶¶3.3-3.4.

**II.  Counts I and II should be dismissed because Plaintiff does not allege the cell phone number PW allegedly called in violation of §227b or §227c.**

Plaintiff argues Count I is sufficient because she alleges facts that establish that it is "plausible and probable that <u>Defendants</u>" called her cell phone. *See* Dkt. #55 pp. 18-19 (emphasis added). She contends the Complaint "plainly alleges her phone number was on the DNC list before each call." *Id.* at, p. 24. She misstates the allegations in her Complaint and disregards the applicable pleading standard. As a result, Counts I and II should be dismissed.

First, the Complaint alleges PW made calls in November, 2013 and December, 2013. *See* Dkt. # 39 ¶¶3.3, 3.4. Plaintiff does not allege facts that attribute any other communications as being made, initiated, generated, or authorized by PW. Plaintiff simply cannot lump PW together with unidentified, undifferentiated "Defendants" to imply liability under §227b (or §227c) against PW. *See* Dkt. # 50 pp. 6-7, 13. Rule 8, Rule 12, *Twombly*, and *Iqbal* require more. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 677-678 (Rule 8's pleading standard does not require "detailed factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation.").

Second, PW redacted Plaintiff's telephone number, not her cell phone number, in Exhibit A attached to its Memorandum of Law. *See* Dkt. # 50 p. 11 fn 2. PW does not know Plaintiff's cell phone number that is the basis for her TCPA claim here. Plaintiff does not allege the cell phone number that PW allegedly called in violation of the TCPA.[2] Therefore, PW is not on notice of the cell phone number that forms that basis of the claims against it which proves fatal to Counts I and II. *See Strand v. Corinthian Colleges, Inc.*, No. 1:13-CV-1235, 2014 WL 1515494,

---

[2] Although not alleged in the Complaint, Plaintiff contacted PW in January, 2013 regarding another prescription drug. The home and cellular telephone numbers Plaintiff provided PW in January, 2013 are different than the number she provided on Exhibit A to PW's Memorandum of Law. *See* Dkt. #50 at Exhibit A.

5

at *2-3 (W.D. Mich. Apr. 17, 2014)(in a TCPA case requiring the cell phone number be plead because where complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.") *citing Iqbal*, 556 U.S. at 678; *See also* Dkt. #50 p. 13.

Third, Plaintiff's Response does not cite one Sixth Circuit case that holds that she does not have to allege, and thus give PW notice, of the cell phone number that is the basis of her TCPA Complaint. *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012) does not support her argument. Dkt. #55 p. 11. *Keys* is a race discrimination case and has nothing to do with the TCPA. Plaintiff's Response ignores *Strand v. Corinthian Colleges, Inc.*, 2014 WL 1515494, *3 because its holding that notice pleading "necessarily requires that plaintiff plead the telephone number in question to 'raise a right to relief above the speculative level'" undermines her argument and warrants dismissal of Counts I and II. *See* Dkt. # 50 pp. 8-9.

For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

**III.  The Complaint establishes that Plaintiff gave prior express consent for the calls PW made to her cell phone between November 28, 2013 and December 6, 2013.**

Plaintiff argues prior express consent does not bar her claims in Count I because PW was engaged in telemarketing. *See* Dkt. # 55 pp. 12-16. Plaintiff's arguments are misplaced because the Complaint: (1) lumps PW in with the unnamed "Defendants" which does not establish PW violated §227(b); (2) does not allege that any of the calls PW made were made with an automatic telephone dialing systems ("ATDS") or that they constitute telemarketing; and (3) does not rely on any binding precedent to support her arguments.

**a.  Plaintiff's attempt to lump PW with the unnamed John Doe defendants to defeat consent is meritless.**

Plaintiff argues "there is no dispute that all the calls in question made by PW or its marketing agents and telemarketers were telemarketing calls because each call included an offer

of legal services" citing paragraphs 3.1 through 3.5 of the Complaint. *See* Dkt. # 55 p. 13. However, paragraphs 3.1, 3.2, and 3.5 having nothing to do with PW. In these paragraphs, PW is not alleged to have made, initiated, generated, or authorized, either directly or indirectly, any of the calls or text messages. Dkt. #39 ¶¶3.1, 3.2, 3.5. This is important because the only calls that are alleged to have been made by PW to Plaintiff's cell phone are between November 28, 2013 and December 6, 2013. *Id.,* at ¶¶3.3-3.4. What is more, Plaintiff alleges no facts that, if true, could establish otherwise, especially when she alleges that she voluntarily went to a website, found a form regarding Yaz related injuries, and completed the form with fictional information under the alias "Gina Lola" claiming that she suffered a deep vein thrombosis injury while taking Yaz. *Id.,* at ¶¶3.2-3.3. These deficiencies undermine her lack of consent argument, and, more importantly, are fatal to Count I. *See* Dkt. #50 p. 6.

### b. Plaintiff's lack of consent argument is undermined by the pleading deficiencies and allegations in Count I.

Plaintiff argues PW did not have consent to call her cell phone because its communications constitute telemarketing and thus her §227b claim in Count I should stand. Dkt. #55 pp. 20-22. However, the Complaint does not support her argument.

The Complaint alleges PW placed calls to her cell phone over roughly a week in paragraphs 3.3 and 3.4 of her Complaint. *See* Dkt. #39 ¶¶3.3, 3.4. Yet, the Complaint does not contain any allegations regarding telemarketing. It also does not allege sufficient facts to demonstrate that PW's calls constitute "telemarketing," for purposes of the TCPA. *See* 47 C.F.R. § 64.1200 (defining telemarketing as the encouragement of purchasing, renting, or investing in property, goods or services).

Similarly, the Complaint alleges that under §227b it is unlawful to make calls using an ATDS or artificial or pre-recorded voice. *Id.* ¶2.2. However, Plaintiff does not plead in any of

7

the allegations specific to PW that PW used an ATDS or pre-recorded or artificial voice in its communications with her. *See* Dkt. 39 ¶¶3.3, 3.4. In fact, Plaintiff does not allege any of the unnamed John Doe Defendants used an ATDS or pre-recorded or artificial voice either. *Id.,* at ¶¶3.1, 3.2, 3.5. The equipment used by PW is an element of a TCPA §227b claim. *See* 47 U.S.C. § 227(b)(1)(A). Here, the Complaint contains no such facts on this element to sustain a claim under §227b in Count I. *Twombly*, 550 U.S. at 570. As such, Plaintiff's lack of consent argument is meritless and Count I should be dismissed with prejudice.

      **c. Plaintiff's Response does not rely on binding precedent to defeat PW's consent argument.**

Plaintiff argues PW's consent arguments are inapplicable because PW is not a debt collection agency and its calls were allegedly telemarketing legal services. *See* Dkt. #55 pp. 14-16. Plaintiff cites cases in which the Courts "declined to consider the FCC 'express consent' standard" and contends her Complaint demonstrates a plausible claim under §227b because PW's communications constitute telemarketing. *See* Dkt. #55 p. 15. However, these decisions are not binding precedent consistent with the FCC standards. *Id.* at p. 15. Additionally, the Complaint contains no allegations regarding telemarketing in connection with communications she attributes to PW. As such, Count I should be dismissed.

**IV.    Count II should be dismissed because the Established Business Relationship ("EBR") exception applies to the calls Plaintiff alleges PW made to her cell phone.**

Plaintiff argues the EBR does not apply to Count II because (1) PW does not dispute TCPA liability for the calls made to her phone before November 28, 2013 (Dkt. #55 p. 25); (2) Plaintiff's response to the November 26, 2013 text was not voluntary (Dkt. # 55 p. 26-28) and (3) PW was not identified in materials to which she responded before November 28, 2013 (Dkt. #55 p. 26). Plaintiff cites no case law to support these arguments. However, the Complaint

8

demonstrates the calls PW made to her cell phone are subject to the EBR. Count II should be dismissed as a matter of law.

PW does not, and cannot, dispute liability for calls or text messages Plaintiff received before November 28, 2013 because the Complaint does not attribute any of those calls to PW. Plaintiff alleges "Defendants" sent her two text messages in November, 2013 and called her cell phone three times in April, 2013 as follows:

> 3.1     On November 11, 2013, Defendants sent a text message to Plaintiff's cellular telephone which was received by Plaintiff Newbold.
>
> 3.2     On November 26, 2013, Defendants sent a text message to Plaintiff's cellular telephone which was received by Plaintiff Newbold.
>
> 3.5     On April 13, 2013, Defendants placed a call to Plaintiff's cellular telephone that Plaintiff answered…..During April, 2013, Plaintiff received two other similar or identical pre-recorded telephone calls from Defendant on her cellular telephone.

Dkt. #39 ¶¶3.1-3.2, 3.5. Plaintiff does not allege PW made, initiated, or generated these calls or texts. Therefore PW cannot (and is not) liable for these calls or texts under §227c (or §227b).

In her Response, Plaintiff argues the EBR cannot apply because "neither PW nor the telemarketers who were acting on its behalf identified themselves in the November 26, 2013 text messages" or the "'robocalls made to her in April 2013." Dkt. #55 p. 20. However, PW argues the EBR applies to the calls that it is alleged to have made to Plaintiff's cell phone between November 28, 2013 and December 6, 2013 to bar liability against PW as a matter of law in Count II. *See* Dkt. #50 pp. 13-15. Plaintiff does not respond to PW's application of the EBR to the calls between November 28, 2013 and December 6, 2013 alleged in paragraphs 3.3 and 3.4.

9

Thus Plaintiff concedes, as she must, there is no liability against PW in Count II under §227c for these calls.[3]

Even so, for the communications Plaintiff attributes specifically to PW, the Complaint demonstrates as a matter of law that the EBR applies to Count II. PW and Plaintiff communicated about PW's representations related to injuries she described on the form she completed. *See* Dkt. #39 ¶3.3; *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14080-14082 (2003)(ruling that the nature of any inquiry must be such to create an expectation on the part of the consumer that a particular company will call them…by making an inquiry or submitting an application regarding a company's products or services, a consumer might reasonably expect a prompt follow-up telephone call regarding the initial inquiry or application, not one after an extended period of time). The Complaint alleges no facts that Plaintiff instructed PW to stop calling her cell or that she advised PW her cell number was on the national DNC list. *See Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 291 (N.D. Ill. 2014)(calls are not prohibited to persons with whom the seller has an EBR unless the recipient previously made a specific do-not-call request to the caller); *See Elkins v. Medco Health Solutions, Inc.,* No. 4:12-CV-2141 TIA, 2014 WL 1663406, at *8 (E.D. Mo. Apr. 25, 2014) (noting an EBR may be terminated by the recipient's request to terminate future communications). Plaintiff elected to receive the calls from PW about whether it would represent her for the claimed injuries. *Zelma v. Art Conway, Dialamerica Marketing, Inc.*, *et al.,* No.: 2:12-cv-00256, 2013 WL 6498548, *2 (D. New Jersey Dec. 11, 2013)(EBR applies and §

---

[3] Plaintiff carefully avoided any affirmative statement that there was no EBR because, in fact, there had been. Plaintiff made inquiries with PW related to another drug in January, 2013. To maintain her Complaint against PW under *Iqbal* and *Twombly*, she is required to alleged facts sufficient to support her cause of action as pled and without an affirmative statement of no EBR, that cannot be done under these circumstances.

227(c) claims dismissed when plaintiff elected to receive magazine subscription, absence of payment for subscription irrelevant). However, on December 6, 2013, PW terminated the relationship. Dkt. #39 ¶3.4. As a matter of law, the EBR applies and Count II should be dismissed.

V. **Count II must be dismissed as a matter of law because there is no private right of action under §227(c) or 47 C.F.R. §64.1200(c)(2) for calls to cellular phones registered with the DNC registry. (Reply to Section E)**

Plaintiff contends there is a private right of action under §227(c) for calls PW allegedly made to her cell phone that was registered in the DNC registry. She argues a 2003 FCC Order PW cited in its motion "holds" that a cell number is a "residential telephone" for all DNC violations. *See* Dkt. #55 pp. 6, 17-18. Plaintiff mischaracterizes the 2003 FCC Order which ultimately defeats her arguments and warrants dismissal of her §227(c) claim as a matter of law.

Plaintiff's Response discusses select portions of the 2003 FCC Order that favor her private right of action argument. *Id*., at pp. 17-18. The 2003 FCC Order states that the FCC presumes wireless subscribers who register with the national DNC list are "residential subscribers;" yet, in the very next sentence, the Order provides that the FCC "requires a complaining wireless subscriber to provide further proof of the validity of that presumption" if enforcement action is to be taken under the TCPA. *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("2003 Order"). The FCC acknowledges that wireless subscribers may be registered on the national DNC registry because some wireless subscribers use their cellular phone the same way they would use a residential telephone. These are the consumers the FCC's 2003 Order contemplates protecting under the TCPA. However, Plaintiff cannot argue that the 2003 FCC Order protects her, and thus that a private right of action against PW exists here, when neither her Response, nor her Complaint, which has already been amended, allege facts to demonstrate that the cell number

11

PW allegedly called in violation of the TCPA was her "residential telephone." As a matter of law, Count II should be dismissed with prejudice.

### VI. The national Do Not Call Class is an impermissible, fail-safe class and should be stricken pursuant to Rule 12(f).

Plaintiff relies on *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) to argue the national Do Not Call ("DNC") Class is permissible and not fail-safe. *See* Dkt. #55 p. 21-22. She contends that because PW moved to dismiss her claims in Count II, the national DNC Class is not fail-safe under *Young*. *Id.* She is wrong and the national DNC Class should be stricken with prejudice from the Complaint.

In *Young,* the Sixth Circuit held that the class definition was not fail-safe because it included both those entitled to relief and those not. *Young*, 693 F.3d. at 537-538. *Young* is silent about defenses raised to the merits of a claim as evidence that a class is permissible, or not fail-safe, in its analysis. In fact, *Young* supports striking the national DNC Class here:

> But a 'fail safe' class is one that includes only those who are entitled to relief. Such a class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment-either those "class members win, or, by virtue of losing, they are not in the class'…

*Young,* at 538 (internal citations omitted).

The national DNC Class is fail-safe because one is a member of this putative class only if she registered her number with the national do-not-call registry and received a telephone solicitation from or on behalf of PW, not because of the merit, or lack thereof, of her alleged individual TCPA claims against PW. *See* Dkt. #39 ¶6.2. As such, Plaintiff cannot defeat PW's argument under Rule 12(f) that the national DNC Class is impermissible and fail-safe because membership in the alleged class requires class members to have a successful claim against PW. Under Sixth Circuit case law, including *Young*, the national DNC Class can be stricken for this reason with prejudice from the Complaint. *See* Dkt. 50 pp. 16-17; *Young*, at 538; *see also*

*Zachariny v. Complete Payment Recovery Services*, *Inc., et al.,* no. 14-3197, 2015 WL 249853, *12 (E.D. Pa. Jan. 21, 2015)(Rule 12(f) motion to strike TCPA and FDCPA class claims granted holding they were impermissible fail safe classes).

## CONCLUSION

WHEREFORE, Defendant, Parker Waichman LLP, respectfully requests this Court grant its Motion and enter an order dismissing Plaintiff's First Amended Complaint with prejudice and striking the National Do Not Call Class in Paragraph 6.2 with prejudice.

Respectfully submitted,

By: _s/_____
Corinne C. Heggie
One of the Attorneys for Defendant,
Parker Waichman LLP

David M. Schultz (IL #6197596)
*Pro Hac Vice*
Corinne C. Heggie (IL #6276412)
*Pro Hac Vice*
Hinshaw & Culbertson LLP
222 No. LaSalle St., Ste. 300
Chicago, IL 60601
312-704-3000
dschultz@hinshawlaw.com
cheggie@hinshawlaw.com

M. Thurman Senn (KBA #82343)
Morgan & Pottinger, P.S.C.
601 West Main Street
Louisville, KY 40202
502-560-6750
mts@morganandpottinger.com

13

## CERTIFICATE OF SERVICE

I, Corinne C. Heggie, an attorney, hereby certify that on March 31, 2015, I caused **Defendant's Reply Brief in support of its Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) and to Strike "National Do Not Call Class" Pursuant to Rule 12(f)** via electronic mail via ECF filing to be served on the following parties:

Kim Williams
Roblin J. Williamson
Williamson & Williams
936 N. 34th St., Ste. 300
Seattle, WA  98103
kim@williamslaw.com
roblin@williamslaw.com


John E. Spainhour
Givhan & Spainhour, PSC
200 S. Buckman St., Ste. One
Shepherdsville, KY  40165
jspainhour@gsatty.net


                                                   */s/Corinne C. Heggie*_____
                                                   Corinne C. Heggie

131027135v1 0966237