UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JANET HODGIN, et al.,                                                                         Plaintiffs,

v.                                                                      Civil Action No. 3:14-cv-733-DJH

PARKER WAICHMAN LLP, et al.,                                                          Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Anne-Marie Newbold brings this case against Parker Waichman LLP and other unnamed defendants for allegedly violating the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227.  Parker Waichman has moved to dismiss Newbold's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike Newbold's "National Do Not Call Class" pursuant to Rule 12(f).  (Docket No. 49)  For the reasons set forth below, Parker Waichman's Motion to Dismiss and Strike will be denied.

### I.     FACTUAL BACKGROUND

The following facts are stated in the light most favorable to the plaintiff.

On November 11, 2013, Newbold received a text message to her cellular phone from an unknown source.[1]  (D.N. 39, PageID # 177)  She did not respond.  (*Id.*)  Still, she received another text message on November 26, 2013.[2]  (*Id.*)  To see who was behind these text messages, she texted the number back and visited the website linked in the text.  (*Id.*, PageID # 178)  While

---

[1] "11/11/13- +16237036968: Have you or a loved one been injured or hospitalized because of YAZ, Yasimin or Ocella? TEXT help with our due compensation. 7:40 PM. Call…Text." (D.N. 39, PageID # 177)
[2] "11/26/13 +16025008855 WE HAVE A FREE WEBSITE TO HELP YOU GET FREE HELP AND GET A CASH SETTLEMENT. LET US HELP. Go to our website at http://makethempay2013/ 1:15 PM. Call…Text." (D.N. 39, PageID # 177)

there, she completed a form regarding Yaz[3] injuries using an alias and her real cell phone number. (*Id.*) Neither the website nor the form revealed the identity of the entity, entities, or persons responsible for the text messages. (*Id.*)

On November 28, 2013, Thanksgiving Day, Newbold received two phone calls from Parker Waichman, a law firm, regarding her Yaz claim. (*Id.*) On November 29, 2013, she received a Yaz fee agreement via email from Parker Waichman. (*Id.*) Between November 29 and December 6, 2013, she received three additional phone calls on her cell phone from the same law firm. (*Id.*) On December 5 and 6, Parker Waichman sent her two follow-up emails. (*Id.*) Finally, on December 6, 2013, she received a letter from Parker Waichman informing her that it would not be representing her. (*Id.*)

Months later in April, Newbold received another call from an unknown source that she answered. (*Id.*) The call consisted of a prerecorded message concerning potential claims that she may have from taking certain medications, including Yaz. (*Id.*) She received two similar pre-recorded phone calls that same month. (*Id.*, PageID # 179)

Before receiving any of the calls or text messages described above, Newbold had registered her cell phone number with the National Do-Not-Call Registry. (*Id.*)

Newbold brings two claims for relief under the TCPA. Her first claim alleges a violation 47 U.S.C. Section 227(b)(1)(A), which pertains to cellular telephone calls. (*Id.*) In her second claim, Newbold asserts that the defendants violated the TCPA's do-not-call provisions. (*Id.*, PageID # 180) Her complaint also includes class action allegations. (*Id.*, PageID # 181) Parker Waichman seeks dismissal of the two TCPA claims and to strike the class action allegations. (D.N. 49)

---

[3] Yaz is the name of a prescription birth control pill. (D.N. 1, PageID # 4)

## II. LEGAL ANALYSIS

### A. Rule 12(b)(6) Standard

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557). That said, the plaintiff only needs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Moreover, when reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

### B. TCPA Claims

Though Parker Waichman argues that Newbold's two TCPA claims are insufficient, the Court finds that each claim is sufficiently well pleaded to overcome a Rule 12(b)(6) motion.

#### 1. Count I

Newbold's first claim alleges that Parker Waichman and other unnamed defendants violated Section 277(b)(1)(A) of the TCPA by texting and calling her using an Automated Telephone Dialing System (ATDS) or artificial or prerecorded voice. (D.N. 39, PageID # 179) Parker Waichman argues that this claim should be dismissed because (1) Newbold failed to allege sufficient facts to show agency between Parker Waichman and the entity that initiated the text messages and phone call; (2) Newbold failed to list her cell phone number in her complaint;

3

(3) Newbold consented to receiving calls from Parker Waichman; and (4) Newbold failed to allege telemarketing or use of an ATDS occurred. (D.N. 49-2, 69)

When viewing the complaint in the light most favorable to Newbold, all of Parker Waichman's arguments fail to persuade the Court to dismiss this claim. First, Newbold's claim adequately alleges agency between the initiator of the text messages and automated calls and Parker Waichman. In *Charvat*, the Sixth Circuit referred the question of agency in the TCPA context to the FCC. *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 465–66 (6th Cir. 2010). The FCC found that "while a seller does not generally initiate calls made through a third-party telemarketer, it nonetheless may be vicariously liable under federal common law agency-related principles for violations of either section 227(b) or 227(c) committed by telemarketers that initiate calls to market its products or services." 28 FCC Rcd 6574, 6593 (2013). Federal common law agency-related principles include apparent authority and ratification. *Id*. at 6586–87. Though Newbold does "lump" the "Defendants" together in part of her claim, she does so to indicate an agency relationship between Parker Waichman and the entity that initiated the automated text messages and phone calls. (D.N. 39, PageID # 177-79) Of course, without any discovery it is impossible for Newbold to know the nature of an alleged relationship between Parker Waichman and the initiator. But her claim at least points to an apparent relationship, demonstrated by Parker Waichman's calls to Newbold after she answered a text message and filled out an online form sent to her by the initiator. Moreover, her claim for relief alleges agency.[4] (D.N. 39, PageID # 179)

Second, the Court likewise rejects Parker Waichman's argument that Newbold was required to include her cell phone number in the complaint. (D.N. 49-2, PageID # 240) The

---

[4] "The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on defendant's behalf . . . ." (D.N. 39, PageID # 179)

Court finds this argument to be unpersuasive. Though Parker Waichman points to a case that has held this is necessary, that case received negative treatment, and its reasoning is not compelling when applied to these facts. *Strand v. Corinthian Coll., Inc.*, No. 1:13–cv–1235, 2014 WL 1515494, at *3 (W.D. Mich. Apr. 17, 2014); *see Ott v. Mort. Investors Corp. of Ohio*, 65 F. Supp. 3d 1046 (D. Or. 2014) (declined to follow); *Stewart v. T-Mobile USA, Inc.*, No. 4:14-cv-02086, 2015 WL 5062447 (D.S.C. Aug. 28, 2015) (declined to follow); *Weaver v. Wells Fargo Bank N.A.*, No. 8:15-cv-1247, 2015 WL 4730572 (M.D. Fla. Aug. 10, 2015) (declined to follow). Newbold alleges that her cell phone was contacted on numerous occasions and that allegation in and of itself is sufficient. (D.N. 39)

Third, Parker Waichman bears the burden of proving that Newbold consented to receiving phone calls and the complaint does not establish this affirmative defense as a matter of law. (D.N. 49-2, PageID # 241) To succeed on this affirmative defense, the defendant must prove that the consumer received a clear and conspicuous disclosure and that the defendant obtained unambiguous consent. 27 FCC Rcd 1830, 1844 (2012). Though the Court could "grant a motion to dismiss when the undisputed facts conclusively establish an affirmative defense as a matter of law," the facts alleged here do not conclusively establish consent. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). Newbold does admit that she completed a Yaz injury form, but she also claims that it was entirely unclear who was on the other side of this online form. (D.N. 39, PageID # 178) Viewing the complaint in the light most favorable to Newbold, the Court cannot conclude that she consented to receiving calls from Parker Waichman.

Finally, the Court considers it irrelevant that Newbold failed to allege sufficient facts to demonstrate that its calls constitute "telemarketing" for the TCPA. (D.N. 69, PageID # 546) Newbold brings this claim under Section 227(b)(1)(A), which states:

> **(b)** Restrictions on use of automated telephone equipment. **(1)** Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A). The statute clearly states that the calls must be made using an ATDS or an artificial or prerecorded voice. *Id*. When Newbold alleges that Parker Waichman called her, she never accuses it of using a prerecorded voice or ATDS. Instead, she alleges that an attorney from Parker Waichman called her after she responded to an automated text message. (D.N. 39, PageID # 178) The Court construes these facts as supporting vicarious liability, not as accusing Parker Waichman's attorney's phone calls to be in violation of Section 277(b)(1)(A). Even though Parker Waichman is correct in its assertion, it does not support dismissing Count I. Thus, the Court finds all of Parker Waichman's reasons to dismiss unpersuasive.

   **2. Count II**

With respect to Count II, Parker Waichman argues that Newbold failed to list her cell phone number in the complaint; that cell phones are not allowed on the do-not-call list; and that the established business relationship exception applies. (D.N. 49-2) As discussed above, the first argument has no merit. The Court will address the other two.

Parker Waichman's assertion that cell phone numbers are not allowed on the national do-not-call list is meritless. (D.N. 49-2, PageID # 247) Though the implementing regulation to 47

U.S.C. Section 227(c)(5) only extends the list to a "residential subscriber," the FCC has been clear in interpreting "residential subscriber" to include cell phones. 47 C.F.R. § 64.1200; 18 FCC Rcd 14014, 14039 (2003). In its reply, Parker Waichman argues that the FCC "require[s] a complaining wireless subscriber to provide further proof of the validity of that presumption" if enforcement action needs to be taken under the TCPA. (D.N. 69, PageID # 550) The defendant, however, failed to read the word prior to require: "*may* require a complaining wireless subscriber to provide further proof of the validity of that presumption"[5] *Id.* (emphasis added). Parker Waichman's reading also ignores the preceding sentence, which states that "[a]s a practical matter . . . [the FCC] will presume wireless subscribers who ask to be put on the national do-not-call list to be residential subscribers." 18 FCC Rcd 14014, 14039 (2003). For the purposes of this motion, the Court will do the same.

      The Court also disagrees with Parker Waichman's assertion that an established business relationship (EBR) existed, thus excepting its calls to Newbold from Section 227(c) of the TCPA. (D.N. 49-2, PageID # 245) The FCC emphasizes that "a voluntary two-way communication between a person or entity and a residential subscriber" is necessary to demonstrate that an EBR exception existed. 18 FCC Rcd 14014, 14081 (2003). Regarding inquiries, "[t]he nature of any inquiry must . . . be such to create an expectation on the part of the consumer that a particular company will call them." *Id.* at 1480–81. Newbold's complaint does not state that there were any two-way communications between her and Parker Waichman prior to its calls to her on Thanksgiving. (D.N. 39, PageID # 178) Nor does Newbold's complaint satisfy the FCC's requirements for an EBR based on an inquiry, because the complaint alleges that the online form lacked identifying information. (*Id.*) According to her complaint, Newbold

---

[5] The presumption being that a cell phone registered on the do-not-call list is a residential number.

had no idea if anyone would be calling her, much less who would be calling her. The Court thus finds no basis for dismissal on this ground.

### C. Rule 12(f) Standard and Analysis

Parker Waichman alleges that Newbold's Do-Not-Call Class is an impermissible fail-safe class and should be stricken pursuant to Rule 12(f). The Court disagrees.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This rule should be used sparingly by courts. *Anderson v. Standard Ins. Co.*, No. 3:14-cv-51, 2014 WL 5366117, at *1 (W.D. Ky. Oct. 21, 2014) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Moreover, courts should strike pleadings "only when required for the purpose of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id*.

Newbold's proposed class does have a relation to the controversy and, for the purposes of this motion, the Court will not construe it as a fail-safe. A fail-safe class is a class that "cannot be defined until after the case is resolved on its merits." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (internal quotations omitted). Moreover, a fail-safe class is "one that includes *only* those who are *entitled* to relief. Such a class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment—either those class members win or, by virtue of losing, they are not in the class and are not bound." *Id*.

Newbold's proposed class includes:

> All persons in the United States who received more than one telephone solicitation call within any 12-month period from Defendants and/or [a] third party acting on Defendants' behalf after registering their telephone number on the national do-not-call registry, at any time in the period that begins four years before the date of filing the original complaint to trial.

8

(D.N. 39, PageID # 181) This class differs from the class in *Young*. In *Young*, the class at issue included those "who were charged local government taxes on their payment of premiums which were either not owed, or were at rates higher than permitted." *Young*, 693 F.3d at 538. Those included in the class were *only* those entitled to relief and it had to be determined what rates, if any, were higher than permitted. Here, however, there are numerous ways a plaintiff meeting Newbold's criteria would not be entitled to relief. For instance, Parker Waichman could establish that the violation was the result of error, that it obtained the subscriber's prior express permission, or that there was an EBR. Moreover, the class can be defined before the case is resolved on its merits. If an individual received a telephone solicitation from Parker Waichman and her phone number was registered on the national do-not-call registry, then they can join the class. There is no need for this case to be resolved on the merits beforehand. Because Newbold's potential class does not only include those who are entitled to relief and it can be defined prior to the case being resolved on its merits, the Court will not construe it as a fail-safe for the purposes of this motion and will deny Parker Waichman's 12(f) motion.

### III.  CONCLUSION

The Court finds that Newbold's complaint states plausible claims for relief under the TCPA. The Court also finds Newbold's do-not-call class is not an impermissible fail-safe class. Accordingly, and the Court being otherwise sufficiently advised, it is herby

**ORDERED** that the Defendant's Motion to Dismiss and to Strike (D.N. 49) is **DENIED**.