IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ANNE-MARIE NEWBOLD and SARAH PLATT,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>PARKER WAICHMAN LLP and JOHN DOES 1-10,<br><br>　　　　　　　　Defendants. | Case No.  3:14-CV-00733-DJH<br><br>SECOND AMENDED CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY<br><br>Electronically filed |

　　　　Plaintiffs Anne-Marie Newbold and Sarah Platt, individually and as class representatives for National Classes of similarly situated individuals, bring this action against Parker Waichman LLP ("Parker Waichman") and as yet unknown John Does 1-10, and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, alleging as follows:

### I.　　PARTIES, JURISDICTION, VENUE

　　　　1.1.　　Defendant Parker Waichman is a limited liability partnership registered in the State of New York.  Parker Waichman represents on its website at www.yourlawyer.com that it has offices in New York, Long Island, New Jersey, Washington D.C. and Florida, and that

it practices in the areas of "Accidents, Class Action, Defective Drugs, Medical Devices, Medical Malpractice, Nursing Home, Product Liability [and] Other Practice Areas."

1.2. John Does 1-10 are law firms, lead aggregators, lead finders, marketing agents and/or telemarketers and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents and/or other related entities whose identities are currently unknown.

1.3. Plaintiff Anne-Marie Newbold ("Plaintiff Newbold") resides in Louisville, Jefferson County, Kentucky. Ms. Newbold receives telephone calls and text messages on her cellular telephone, including those calls and texts that are the subject of this Second Amended Complaint.

1.4. The calls and text messages in question were intended to be received and were received on Plaintiff Newbold's cellular telephone number in Louisville, Kentucky.

1.5. Plaintiff Sarah Platt ("Plaintiff Pratt") resides in Kansas City, Jackson County, Missouri. Ms. Platt receives telephone calls and text messages on her cellular telephone, including those calls and texts that are the subject of this Second Amended Complaint.

1.6. The calls and text messages in question were intended to be received and were received on Plaintiff Platt's cellular telephone number in Kansas City, Missouri.

1.7. Venue and Jurisdiction are proper under 28 U.S.C. § 1391 (b)(2) and (3), and 28 U.S.C. § 1331.

## II. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

2.1. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

2.2. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

2.3. The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

2.4. Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

2.5. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013).

### III. FACTS

3.1. On November 11, 2013, Defendants sent a text message to Plaintiff Newbold's cellular telephone which was received by Plaintiff Newbold. The text message stated: "11/11/13- +16237036968: Have you or a loved one been injured or hospitalized because of

YAZ, Yasimin or Ocella? TEXT help with our due compensation. 7:40 PM. <u>Call</u>…<u>Text</u>." Plaintiff Newbold did not respond to this text message.

  3.2. On November 26, 2013, Defendants sent a text message to Plaintiff Newbold's cellular telephone which was received by Plaintiff Newbold. The text message stated: "11/26/13 +16025008855 WE HAVE A FREE WEBSITE TO HELP YOU GET FREE HELP AND GET A CASH SETTLEMENT. LET US HELP. Go to our website at <u>http://makethempay2013/</u> 1:15 PM. <u>Call</u>…<u>Text</u>." The text link in this text message instructed the recipient to text back "Yaz." Plaintiff Newbold wanted to know who was sending unwanted text messages regarding Yaz to her cellular telephone, so she texted back "Yaz." She also went to <u>http://makethempay2013/</u>, a website address that now opens to a Block page that states, in part: "Domain you were looking for has been blocked or suspended," where she found a form to complete regarding Yaz related injuries. Neither the website nor the form revealed the identity of the entity, entities or persons responsible for sending the subject text messages to Plaintiff Newbold.

  3.3. To determine who was responsible for sending the text messages without revealing her identity, Plaintiff Newbold completed the form on <u>http://makethempay2013/</u> with fictional information. She stated that her name was Gina Lola and that she had suffered a deep vein thrombosis injury while taking Yaz. On November 28, 2013, Thanksgiving Day, Plaintiff Newbold received two telephone calls on her cellular telephone from a New York area code, and she answered the second call. The caller was an attorney at Parker Waichman who encouraged Plaintiff Newbold to retain his firm to represent her in connection with her Yaz injury claim. Between November 29 and December 6, 2013, Plaintiff Newbold received an additional three telephone calls on her cellular telephone from attorneys at Parker Waichman encouraging her to retain their firm to represent her in a Yaz injury case.

SECOND AMENDED CLASS ACTION COMPLAINT FOR
DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 4

3.4. Parker Waichman also emailed "ginalola" a Yaz fee agreement on November 29, 2013, and sent her follow up emails on December 5 and 6, 2013, as well as a letter dated December 6, 2013 stating, in part, that Parker Waichman would not be representing her.

3.5. On April 13, 2013, Defendants placed a call to Plaintiff Newbold's cellular telephone that Plaintiff Newbold answered. The call consisted of a pre-recorded message stating words to the effect that, if the called party had taken Yaz, Ocella, or Yazmen or had a Nuvaring, she may be entitled to financial compensation. If the called party had taken these medications, she was instructed to press 1 now, or press 9 to be removed from the calling list. During April 2013, Plaintiff Newbold received two other similar or identical pre-recorded telephone calls from Defendants on her cellular telephone.

3.6. Plaintiff Newbold's cellular telephone numbers were on the National Do-Not-Call Registry when Defendants placed the telephone calls and sent the text messages described above to her cellular telephone.

3.7 In or around late 2013, including in November, 2013, Defendants made multiple telephone calls, including text messages, to Plaintiff Platt's cellular telephone which were received by Plaintiff Platt. Some of the telephone calls consisted of pre-recorded messages containing words to the effect that, if the called party had taken Yaz or Yasmin, she may be entitled to compensation. Some of the telephone calls were from live callers, at least one of whom told Plaintiff Pratt that she had a medical claim for Yaz or Yasmin related injuries.

3.8 The text messages inquired as to whether the recipient had been injured as a result of taking Yaz or Yasmin. One or more of the text messages contained a link to a website containing a form to complete regarding Yaz related injuries. A form was completed on or about November 15, 2013 by and/or for Plaintiff Platt stating, in part, that she took Yaz. The form also

states, in part: "Tried to 3-way to PW but PW didn't answer.  Unable to get Sarah back on line at this time but she has PW information and can expect a call from PW."

3.9     After receiving telephone calls and text messages as described above, Plaintiff Platt received a packet in the mail from Defendant Parker Waichman containing materials relating to her potentially retaining Parker Waichman to represent her in a Yaz or Yasmin personal injury suit.

## FIRST CLAIM FOR RELIEF

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)-
Cellular Telephone Calls)**

4.1.    <u>Reallegation</u>:  Plaintiffs reallege and incorporate by reference the preceding paragraphs.

4.2.    <u>Violation</u>:  The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and committing multiple negligent and/or knowing and/or willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the National Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

4.3.    <u>Damages</u>:  As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's committing negligent and/or knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the National Cell Phone Class presumptively are entitled to an award of $500 and up to $1,500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

4.4.     Injunctive relief:  Plaintiffs and members of the National Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalves from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## SECOND CLAIM FOR RELIEF

### (Violation of 47 C.F.R. § 64.1200(c)(2), giving rise to cause of action under Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)-Do-Not-Call violations)

5.1.     Reallegation:  Plaintiff Newbold realleges and incorporates by reference the preceding paragraphs.

5.2.     Violation:  The acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting  on Defendants' behalf in sending two text messages and placing three telephone calls to Plaintiff Newbold's cellular telephone within a 12 month period while that telephone number was registered on the national do-not-call registry, and texting and/or calling the residential and/or cellular telephone numbers of other consumers whose numbers were registered on the national-do-not call registry, constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 227(c)(2), giving rise to a cause of action under the TCPA, 47 U.S.C. § 227(c)(5).

5.3.     Damages:  As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violating 47 C.F.R. 47 C.F.R. § 227( c )(2), Plaintiff Newbold and members of the National Do-Not-Call Class presumptively are entitled to an award of $500 and up to $1,500 in damages for each and every call to their telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(c )(5).

5.4. <u>Injunctive relief</u>: Plaintiff Newbold and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 227(c)(2) by placing telephone solicitation calls to telephone subscribers who have registered their telephone numbers on the national do-not-call registry.

## CLASS ACTION ALLEGATIONS

6.1. <u>Reallegation</u>: Plaintiffs reallege the foregoing paragraphs as if fully stated herein.

6.2. This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3).

> Plaintiffs seek to represent a National Cell Phone Class comprised of:
>
> All persons in the United States who received one or more non-emergency telephone calls from Defendants and/or a third party acting on Defendants' behalf, promoting Defendants' goods or services, on their cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, at any time in the period that begins four years before the date of filing the original complaint to trial.
>
> Plaintiff Newbold also seeks to represent a National Do-Not-Call Class comprised of:
>
> All persons in the United States who received more than one telephone solicitation call within any 12-month period from Defendants and/or a third party acting on Defendants' behalf, after registering their telephone number on the national do-not-call registry, at any time in the period that begins four years before the date of filing the original complaint to trial.

6.3. **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Upon information and belief the Classes each exceed 100 in number.

6.4. **Common Questions of Law and Fact**. The questions of law and fact are the same for all Class members, including whether the conduct of the Defendants and their affiliates, agents, or others acting on its behalf violated 47 U.S.C. § 227 (b)(1)(A) as to Plaintiffs and all

other National Cell Phone Class members, and violated 47 C.F.R. § 64.1200(c )(2) as to Plaintiff Newbold and all other National Do-Not-Call Class members.

  6.5. **The Plaintiffs' Claims are Typical of the Classes.** Plaintiffs' claims are typical of the Class in that they arise from Defendants' repeated violation violation of 47 U.S.C. § 227 (b)(1)(A) as to Plaintiffs and all other National Cell Phone Class members, and violation of 47 C.F.R. § 64.1200(c)(2) as to Plaintiff Newbold and all other National Do-Not-Call Class members.

  6.6. **The Plaintiffs Will Fairly and Adequately Protect the Classes**. Plaintiffs will adequately represent and protect the interests of the Classes because they have retained competent and experienced counsel and their interests in the litigation are not antagonistic to the other members of the Classes.

  6.7. **A Class Action is Maintainable Under CR 23(b)(3)**. The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to the unlawful acts of Defendants' and/or persons or entities acting on Defendants' behalf in violation of state and/or federal law as outlined above. The prosecution of separate actions by individual members of the Classes against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

6.8. **A Class Action is Maintainable Under CR 23(b)(2).** Defendants have acted on grounds generally applicable to Plaintiffs and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and the Classes of similarly situated individuals and entities, respectfully request that the Court enter judgment in their favor and in favor of the Classes for:

A. Certification of the Classes pursuant to Rule 23(b)(2) and Rule 23(b)(3);

B. Appointment of Plaintiffs as representatives of the Classes;

C. Appointment of undersigned counsel as counsel for the Classes;

D. Granting injunctive relief as permitted by law to ensure that Defendants and/or their affiliates, agents, and/or other related entities, will not continue to engage in the unlawful conduct set forth herein;

E. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and regulations promulgated pursuant thereto;

F. An award to Plaintiffs and the Classes of damages, as allowed by law;

G. An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Second Amended Complaint to conform to the evidence presented at trial;

I. Jury Trial on all issues so triable.

J. Any other or further relief which the Court deems necessary, just and proper.

DATED: NOVEMBER 4, 2015.

WILLIAMSON & WILLIAMS

By /s/ Rob Williamson
   Rob Williamson, WSBA #11378
   Admitted pro hac vice
   Email: roblin@williamslaw.com
   2239 W. Viewmont Way W.
   Seattle, Washington  98199
   Telephone: (206) 294-3085

GIVHAN & SPAINHOUR, PSC

By /s/ John E. Spainhour
   John E. Spainhour, KBA 66510
   Professional Building, Suite One
   200 S. Buckman Street
   Shepherdsville, KY  40165
   Telephone:  (502) 543-2218
   Facsimile:  (502) 955-7000
   Email:  john@gsatty.net

*Attorneys for Plaintiffs and the Proposed Classes*